# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01413-PAB-NYW

STEVEN ADETOMIWA,

    Plaintiff,

v.

REDSTONE COLLEGE, a/k/a ALTA COLLEGES INC, a/k/a ALTA GROUPS INC.,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER

---

Magistrate Judge Nina Y. Wang

    This civil action comes before the court on Defendant Redstone College's ("Defendant," "Redstone," or "Redstone College") Combined Motion to Compel Individual Arbitration and Memorandum of Points and Authorities in Support Thereof, filed on July 23, 2015 [#5] (the "Motion to Compel").[1]  Pursuant to the Order Referring Case dated August 26, 2015 [#19] and the Memorandum dated August 26, 2015 [#20], the Motion to Compel is before this Magistrate Judge.  Also before the court are Plaintiff Steven Adetomiwa's (also "Plaintiff" or "Mr. Adetomiwa") Request for Court Appointed Attorney's Representation, filed on July 28, 2015 [#9], and Plaintiff's Re-Motion for Appointment of Court Attorney, filed on August 26, 2015 [#22] (collectively, the "Motions to Appoint Counsel").  Pursuant to the Memoranda dated August 26, 2015 [#20] and August 27, 2015 [#28], the Motions to Appoint Counsel are also before this Magistrate Judge.  The court has reviewed the Motion to Compel, Plaintiff's original

---

[1] This Recommendation and Order refers to the ECF docket number for documents, and the page number as assigned by the court's ECF system for consistency and ease of reference.

Complaint [#1] and "Amended Complaint" ("Amended Complaint") [#26], Plaintiff's August 13, 2015 Response to the Motion to Compel [#14], Defendant's Reply in support of the Motion to Compel [#21], Plaintiff's September 18, 2015 Response [#32], the exhibits thereto, the case file, and the applicable case law. Finding that oral argument would not materially assist in the disposition of the Motion to Compel and the Motions to Appoint Counsel, the court hereby respectfully RECOMMENDS the Motion to Compel be GRANTED for the following reasons. In light of the court's recommended disposition of the Motion to Compel, the court also orders that the Motions to Appoint Counsel be DENIED.

## BACKGROUND AND RELEVANT PROCEDURAL HISTORY

Plaintiff Steven Adetomiwa (also "Plaintiff" or "Mr. Adetomiwa") filed his original Complaint in this action on July 2, 2015 [#1]. Mr. Adetomiwa alleges that "in or around April 2013 to February 11, 2014," Plaintiff was an admitted student at Defendant Redstone College's (also "Defendant," "Redstone College," or "Redstone") Broomfield, Colorado campus. [#1 at 4-5]. According to the Complaint, Plaintiff was discriminated against on the basis of race by faculty and students at Redstone College. [*Id.* at 5-8]. Mr. Adetomiwa further alleges that Redstone College faculty failed to reasonably accommodate his vision problems, and that in February of 2014, he was expelled from Redstone College in retaliation for prior complaints of discrimination. [*Id.* at 8-10]. Based on these factual allegations, Plaintiff's Complaint asserts claims of discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Americans with Disabilities Act, 42 U.S.C. §§ 12201 *et seq.*, and provisions of Colorado state anti-discrimination law. [#1 at 1]. On August 26, 2015, Plaintiff filed an his Amended Complaint, including additional allegations that Redstone College's curriculum included no

science classes, and that Redstone College nevertheless improperly held itself out as offering a degree program in Occupational Science. [#26 at 20-22]. The Amended Complaint also includes allegations of other purported failures to make accurate and complete disclosures to students and prospective students. [*Id.* at 23-28]. Based on these allegations, Plaintiff's Amended Complaint asserts numerous additional claims based on alleged breaches of Colorado consumer protection law against Redstone College, Redstone College's corporate parent Alta Colleges, Inc. ("Alta Colleges"), and a number of other alleged subsidiaries of Alta Colleges. [*Id.*].

On July 23, 2015, Defendant filed the instant Motion to Compel. [#5]. While filed before Mr. Adetomiwa's Amended Complaint, neither party argued that the Amended Complaint affects the adjudication of this Motion to Compel. The Motion to Compel attaches an enrollment agreement between Plaintiff and Redstone College, electronically signed by Plaintiff on January 23, 2013 (and physically initialed by Plaintiff on or after that date) (the "Enrollment Agreement"). [#5-1]. The Enrollment Agreement includes an acknowledgment term providing that the prospective student, by "signing this agreement . . . acknowledges that he/she has read carefully the Arbitration Agreement included as part of this Agreement and agrees to all of the terms of the Arbitration Agreement." [*Id.* at 4]. The Enrollment Agreement also provides that no modification could be made to the Enrollment Agreement absent further written agreement between the parties to it. [*Id.* at 5]. On January 22, 2014, Plaintiff apparently indicated his assent to an interlineation to the Enrollment Agreement, which provided that the credential to issue from successful completion of Plaintiff's academic program at Redstone would be a degree styled as an Associate of Occupational Studies, rather than an Associate of Occupational Science. [*Id.*].

3

Defendant's Motion to Compel also attaches a copy of the arbitration agreement incorporated by reference into the Enrollment Agreement (the "Arbitration Agreement"). [#5-2]. The Arbitration Agreement between Plaintiff and Redstone College, which was also apparently electronically signed by Plaintiff on January 23, 2013 (and also physically initialed by Plaintiff on or after that date), expressly provides:

> By my initials and signature, I understand both the College and I *irrevocably waive rights to a trial by jury*, and elect instead to submit **all** Claims involving or between us and any past or present affiliates or employees to the binding, confidential decision of a single arbitrator instead of a court because it is fair, economical and speedy. The arbitration shall be binding and conducted pursuant to the Federal Arbitration Act by the American Arbitration Association ("AAA") under its Supplementary Procedures for Consumer-Related Disputes.

[*Id.*] (punctuation and emphasis in original). Defendant's Motion to Compel argues that the Arbitration Agreement applies to Plaintiff's claims in the instant litigation, that Plaintiff should be compelled to arbitrate those claims, and that this case must be stayed pending arbitration. [#5]. Plaintiff argues that Arbitration Agreement is unenforceable because it is purportedly "unilateral[]." [#14 at 2]. Plaintiff also argues that the January 2013 Arbitration Agreement is unenforceable because of the subsequent interlineation to the provision in the Enrollment Agreement setting forth Plaintiff's degree program. [#14, #32]. Plaintiff contends that his assent to the interlineation was a product of fraud and duress, and that Defendant's alleged misrepresentations as to the content of the degree program fraudulently induced Plaintiff to assent to the Enrollment Agreement as an original matter in January of 2013. [#14 at 2-4, #32 at 1-3].

4

# ANALYSIS

## I. Standard of Review

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA") provides that "an agreement in writing to submit to arbitration an existing controversy shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 4 of the FAA allows a court to entertain a motion to compel arbitration if the court would have jurisdiction over the matter, save for such arbitration agreement. *Id.* at § 4. On a properly supported motion to compel arbitration, the court must stay the litigation before it as to any claims properly within the scope of a valid and binding arbitration agreement. *Id.* at § 3 (providing that "the Court in which the suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . ."). In cases where a court's subject matter jurisdiction to entertain a petition or motion to compel arbitration under the FAA is premised on federal question grounds, the underlying complaint at issue must include at least one claim sufficient to support the court's exercise of original jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 68-69, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009).

The FAA reflects "both a liberal federal policy favoring arbitration . . . and the fundamental principle that arbitration is a matter of contract." *ATT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 131 S.Ct. 1740, 1745 (2011) (citation and quotation omitted). Accordingly, in determining the existence and validity of an agreement to arbitrate, "[c]ourts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (citation omitted); *accord*

*Hardin v. First Cash Fin. Servs., Inc.*, 465 F.3d 470, 475 (10th Cir. 2006). "Thus, generally applicable contract defenses [available under the law of the relevant state], such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

In determining whether to grant the instant motion, "doubts concerning the scope of arbitrable issues are resolved in favor of arbitration." *Adams v. Modernad Media, LLC*, No. 12-CV-00513-PAB-MEH, 2013 WL 674024, at *3 (D. Colo. Feb. 25, 2013) (citing *Nat'l Am. Ins. Co. v. SCOR Reins. Co.*, 362 F.3d 1288, 1290 (10th Cir. 2004)). However, in considering the formation and validity of an agreement to arbitrate on motion, the court must be satisfied that there is no genuine issue of material fact "regarding the parties' agreement" requiring trial and precluding summary disposition on the record before it. *Avedon Engineering, Inc. v. Seatex*, 126 F.3d 1279 (10th Cir. 1997).

**II.    Jurisdiction**

As an initial matter, this court touches briefly on its own subject matter jurisdiction. The court has an independent obligation to determine whether subject matter jurisdiction, even absent challenge of either party. *See 1mage Software, Inc. v. Reynolds and Reynolds*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)). As discussed above, § 4 of the FAA requires the court to have jurisdiction save the arbitration clause in order to entertain a motion to compel. 9 U.S.C. § 4. A claim arising pursuant to a federal question may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, "if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Arbaugh*, 546 U.S. at 513, n. 10, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (citation and quotation omitted); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S.

83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.") (citation and quotation omitted).

While the Plaintiff has captioned his pleading a "Title VII Complaint," Plaintiff also invokes the ADA as a basis for the court's subject matter jurisdiction in this action. [#1 at 2]. Under Title III of the ADA, discrimination is prohibited "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). An "undergraduate or postgraduate" private school is a place of public accommodation within the meaning of Title III. 42 U.S.C. § 12181(7)(J). Prohibited discrimination includes failure to make reasonable modifications to the "policies, practices, or procedures" of a covered entity "when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii). A person is "disabled" under the ADA if she has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). "To satisfy this definition, a plaintiff must (1) have a recognized impairment, (2) identify one or more appropriate major life activities, and (3) show the impairment substantially limits one or more of those activities." *Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1142 (10th Cir. 2011) (citation and quotation omitted). Major life

activities include caring for oneself, walking, seeing, hearing, speaking, working, sitting and standing. 42 U.S.C. § 12102(2).

In this case, Plaintiff has alleged that the Defendant, the operator of an institution of higher learning, refused to provide modifications Plaintiff sought for a sight impairment to secure equal access to the benefits of Defendant's educational program. [#1 at 8-9]. On the record before it, the court finds that, at a minimum, Plaintiff's factual allegations, construed as arising under Title III of the ADA, state a colorable claim supporting the court's exercise of jurisdiction to consider this instant Motion to Compel.

### III.  Agreement in Writing

The record before the court shows that Plaintiff electronically signed and physically initialed both the Enrollment Agreement and the Arbitration Agreement,[2] instruments set forth in writing. [#5-1 at 5, #5-2 at 2]. Plaintiff has not contended otherwise. [#14, #32]. The court finds that the Arbitration Agreement complies with the FAA's requirement that the arbitration provision sought to be enforced must be set forth in writing. 9 U.S.C. § 2. *See Medical Dev. Corp. v. Industrial Molding Corp.*, 479 F.2d 345, 348 (10th Cir. 1973) ("Decisions under the Federal Arbitration Act . . . have held it not necessary that there be a simple integrated writing or that a party sign the writing containing the arbitration clause. All that is required is that the arbitration provision be in writing.") (citation omitted); *see also Bellman v. i3Carbon, LLC*, 563 Fed. App'x. 608, 614 (10th Cir. 2014) (holding that "[w]hile the [FAA] requires a writing evidencing an agreement to arbitrate disputes, it is well-established that the FAA does not require signatures of the parties to be enforceable.").

---

[2] Under the Colorado Uniform Electronic Transactions Act, "[a] record or signature may not be denied legal effect or enforceability solely because it is in electronic form" and "[a] contract may not be denied legal effect or enforceability solely because an electronic record was used in its formation. Colo .Rev. Stat. § 24–71.3–107(1)-(2).

### IV.     Validity and Enforceability of Enrollment and Arbitration Agreements

The court now turns to the validity and enforceability of the Enrollment and Arbitration Agreements.

#### A.     Applicable Law

Although neither Party briefed the choice-of-law analysis applicable to Defendant's Motion to Compel, the court finds that Colorado substantive law generally governs the issues related to contract formation and validity raised by Defendant's Motion to Compel and Plaintiff's Responses.[3]   With respect to federal law claims within this court's original jurisdiction, the court's choice of law determination is guided by principles "favor[ing] application of the law of the jurisdiction having the greatest interest in the litigation." *Kojima v. Grandote Int'l Ltd. Liability Co.*, 252 F.3d 1146, 1151 (10th Cir. 2001) (citation and quotation omitted).   Similarly, with respect to any state law claims within this court's supplemental jurisdiction, the court is to apply the law of the jurisdiction with the "'most significant relationship' to the transaction at issue." *Id.* (applying law of forum state Colorado and quoting *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau*, 198 Colo. 444, 601 P.2d 1369, 1372 (1979)).[4]

In the instant case, Plaintiff's claims are premised largely or entirely on purported misconduct occurring within Colorado by employees and/or affiliates of Defendant to the alleged detriment of Plaintiff, a Colorado resident. [#1, #26].  Plaintiff chose to assert those claims in a federal court sitting in Colorado, and Defendant filed the instant Motion to Compel in the same

---

[3] Neither the Arbitration Agreement nor the Enrollment Agreement appear to contain a choice-of-law clause. [#5-1, #5-2].

[4] *BancOklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999) ("A federal court sitting in diversity applies the substantive law, including choice of law rules, of the forum state. . . . This rule also applies when a federal court exercises supplemental jurisdiction over state law claims in a federal question lawsuit.") (citation and quotation omitted).

court. On the available record, Colorado appears to have the most "significant relationship" to the relevant parties and transactions in this litigation, and the "greatest interest" in the subject matter of Plaintiff's claims and the Parties' Arbitration Agreement. *Kojima*, 252 F.3d at 1151 (10th Cir. 2001). The court thus applies Colorado substantive law below to the Parties' disputes concerning the formation and validity of the Arbitration Agreement.

### B. Mutuality and Consideration

Plaintiff argues that the Arbitration Agreement is unenforceable because it is purportedly "unilateral[]." [#14 at 2]. But by its terms, the Arbitration Agreement applies to Plaintiff and Redstone College, binding each party to the Arbitration Agreement to submit all claims involving the parties to arbitration. [#5-2 at 2]. Moreover, the Enrollment Agreement incorporating the Arbitration Agreement between Plaintiff and Redstone College by reference provides generally that any modifications to the Enrollment Agreement would require the "written agreement" of both Plaintiff and Redstone College. [#5-1 at 5]. *Cf. Dumais v. American Golf Corp.*, 299 F.3d 1216, 1219 (10th Cir. 2002) (holding that "arbitration agreement allowing one party the unfettered right to alter the arbitration agreement's existence or its scope is illusory"). Moreover, "[u]nder Colorado law, every contractual obligation need not be mutual as long as each party has provided some consideration for the contract." *Rains v. Foundation Health Systems Life & Health*, 23 P.3d 1249, 1255 (Colo. App. 2001). Colorado law also provides that a promise exchanged for a promise "imposes mutual obligations and is sufficient consideration to render a contract enforceable." *City of Colorado Springs v. Mountain View Electric Assoc., Inc.*, 925 P.2d 1378, 1383 (Colo. App. 1995). Because Plaintiff and Redstone College both agreed, *inter alia*, to submit disputes involving the parties to arbitration, and because no provision provided Defendant with an unfettered right to alter the Arbitration

Agreement's existence or scope, the court finds that the Arbitration Agreement is supported by adequate consideration, and is non-illusory.

### C.     Duress and Fraud in the Inducement

On February 22, 2014, Plaintiff initialed a modification to his Enrollment Agreement reflecting that the title of Plaintiff's degree program had been changed from "Associate of Occupational Science" to "Associate of Occupational Studies." [#5-1 at 5]. Plaintiff argues that his agreement to this modification was a product of fraud and coercion, and that Plaintiff's entry into the Enrollment Agreement as an original matter was also a product of fraud in the inducement based on alleged misrepresentations as to the nature of the degree program. [#14 at 2-4, #32 at 1-3]. However, as Defendant notes, the assertions meant to support these defenses to the enforceability of the Enrollment Agreement and Arbitration Agreement are conclusory and unsupported by competent evidence. [#21 at 2-4]. As a result, they do not create a material issue of fact precluding summary disposition of the Motion to Compel.

Moreover, whatever the merits of Plaintiff's arguments sounding in fraud and duress based on Redstone's representations concerning Plaintiff's degree program might be on a fully developed record, they are not relevant as matter of law to the court's determination of the Arbitration Agreement's enforceability. "[A]s a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70-71, 130 S.Ct. 2772 (2010) (citation and quotation omitted). Accordingly, challenges to other provisions in a contract containing an arbitration agreement, or challenges going to the enforceability of the contract as a whole, are not "relevant to a court's determination whether the arbitration agreement at issue is enforceable." *Id.* at 70. Because Plaintiff's fraud and duress challenges to enforceability are not "specific[] [to] the validity of the

11

agreement to arbitrate" but are instead based on grounds targeted at other provisions in the Enrollment Agreement and/or the enforceability of the Enrollment Agreement as a whole, they cannot be relied upon to preclude enforcement of the Arbitration Agreement.[5] *Id.* (citation and quotation omitted); *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006) ("[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator [rather than the court] in the first instance").

## IV.   Scope of Arbitration Agreement

Finding that the Arbitration Agreement is valid and enforceable, the agreement's scope is determined as a matter of federal law, and questions "concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Encore Productions, Inc. v. Promise Keepers*, 53 F.Supp.2d 1101, 1109 (D. Colo. 1999) (citation omitted). The Arbitration Agreement provides that Plaintiff and Redstone "irrevocably *waive rights to a trial by jury*, and elect instead to submit ***all*** claims involving or between us and any past or present affiliates or employees to the binding, confidential decision of a single arbitrator." [#5-2 at 2 (punctuation and emphasis in

---

[5] Because Plaintiff is proceeding *pro se* and his pleadings are construed liberally, the court briefly considers *sua sponte* whether the Arbitration Agreement is unconscionable and therefore, unenforceable. The court's determination is guided by the following factors: (1) whether the arbitration agreement is a standardized agreement executed by parties of unequal bargaining power; (2) lack of opportunity to read or become familiar with the document before signing it; (3) use of fine print in the portion of the contract containing the provision; (4) absence of evidence that the provision was commercially reasonable; (5) the terms of the contract; (6) the relationship of the parties, including factors of assent, unfair surprise, and notice; and (7) all the circumstances surrounding the formation of the contract. *Vernon v. Qwest Communications Int'l, Inc.*, 925 F. Supp. 2d 1185, 1194 (D. Colo. 2013) (citing *Davis v. M.L.G. Corp.*, 712 P.2d 985, 991 (Colo. 1986)). After considering these factors, the court finds that the record as developed does not support a finding that the Arbitration Agreement is unconscionable. *See Bernal v. Burnett*, 793 F. Supp. 2d 1280, 1288 (D. Colo. 2011) (holding that similar arbitration agreements between Redstone College and its students were not unconscionable and ordering that arbitration be compelled).

original)]. The court finds this clause to be an unambiguous and broad clause. *Via Fone, Inc. v. Western Wireless Corp.*, 106 F. Supp. 1147, 1151 (D. Kan. 2000) (finding antitrust claims within scope of arbitration provision mandating that the parties submit "'all claims [between the parties] (including counterclaims and crossclaims)'" to arbitration and observing that the "court cannot imagine a more inclusive arbitration provision") (quoting arbitration clause at issue). At a minimum, this clause encompasses any claims arising from or related to Plaintiff's relationship with Defendant as a student of Redstone College (including the termination of that educational relationship). Plaintiff's asserted discrimination, retaliation, and consumer protection claims against Defendant are all related to Plaintiff's enrollment at Redstone College and his educational relationship with the institution (including the termination thereof). [#1, #26]. Plaintiff has not advanced any argument to the contrary. [#14, #32]. The court accordingly finds that all of Plaintiff's claims fall within the scope of the Arbitration Agreement.

**V.     Arbitrability of Claims Arising Under Federal Statute**

Statutory claims are generally arbitrable under the FAA. *Gilmer v. Interstate/Johnson Lane Corporation*, 500 U .S. 20, 26 (1991) (supporting holding with recognition that "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial forum.") (citation and quotation omitted). Subsequent to the Supreme Court's decision in *Gilmer*, the Tenth Circuit has expressly held that claims arising under the ADA and Title VII are subject to arbitration if encompassed by a valid and binding arbitration provision. *See, e.g.*, *McWilliams v. Logicon, Inc.*, 143 F.3d 573, 576 (10th Cir. 1998) (holding that ADA claims are arbitrable); *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1487 (10th Cir. 1994) (Title VII claims arbitrable).

Accordingly, on the record before it, the court finds that there are no "legal constraints external to the parties' agreement" that would "foreclose[]" arbitration of any claim asserted by Plaintiff in this action. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628 (1985).

## CONCLUSION

For the reasons set forth herein based on the record before it, the court finds that the Parties entered into a valid and binding arbitration agreement with a scope encompassing all claims asserted by Plaintiff in this case. Accordingly, the court respectfully RECOMMENDS that:

(1) Defendant's Motion to Compel [#5] be GRANTED; and

(2) That the case be stayed, and administratively closed pursuant to D.C.COLO.LCivR 41.2, pending completion of arbitration pursuant to the Parties' Arbitration Agreement.[6]

---

[6] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's

In addition, in light of this Recommendation, the court also ORDERS that:

(1) Plaintiff's Motions to Appoint Counsel [#9, #22] are DENIED, without prejudice to re-filing should the presiding judge, the Honorable Philip A. Brimmer, decline to adopt the undersigned's Recommendation that the Motion to Compel be granted.

DATED:  October 20, 2015                           BY THE COURT:


                                                   s/ Nina Y. Wang
                                                   Nina Y. Wang
                                                   United States Magistrate Judge

---

ruling).  *But see*, *Morales-Fernandez v. INS*, 418  F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

15