# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01413-PAB-NYW

STEVEN ADETOMIWA,

    Plaintiff,

v.

REDSTONE COLLEGE, a/k/a ALTA COLLEGES INC, a/k/a ALTA GROUPS INC.,

    Defendant.

_____

## ORDER
_____

Magistrate Judge Nina Y. Wang

    This civil action comes before the court on Plaintiff Steven Adetomiwa's Motion to Recuse, filed on November 4, 2015 [#36] (the "Motion to Recuse"). Pursuant to the Order Referring Case dated August 26, 2015 [#19] and the Memorandum dated November 5, 2015, the Motion to Recuse is before this Magistrate Judge. Having considered the Motion to Recuse, the case file, and applicable case law, the court DENIES the Motion to Recuse.

## BACKGROUND

    Plaintiff Steven Adetomiwa (also "Plaintiff" or "Mr. Adetomiwa") filed his original Complaint in this action on July 2, 2015 [#1]. On July 23, 2015, Defendant Redstone College ("Defendant") filed a Motion to Compel Arbitration [#5] ("Motion to Compel Arbitration"). On July 28, 2015 [#9] and August 26, 2015 [#23], Plaintiff filed motions for appointment of counsel in a civil action (the "Motions to Appoint Counsel"). On October 20, 2015, the court issued a Recommendation and Order [#33] ("Recommendation and Order"), recommending that the Motion to Compel Arbitration be granted, and ordering that Plaintiff's Motions to Appoint

Counsel be denied without prejudice pending the Honorable Philip A. Brimmer's determination of whether the undersigned's Recommendation on the Motion to Compel Arbitration be adopted. On November 4, 2015, Plaintiff filed the instant Motion to Recuse, contending that portions of the undersigned's Recommendation and Order were "bias[ed] and prejudice[d]" (without further elaboration), that Plaintiff disagreed with the court's order denying Plaintiff's Motions to Appoint without prejudice, and noting that, when Plaintiff conferred with John Osgood, counsel for Defendant, on August 20, 2015, Mr. Osgoood expressed positive views with respect to the undersigned's potential administration of the case. [#36 at 4].

## ANALYSIS

Federal judges may be required to recuse themselves either upon motion of a party or on their own accord. In the first instance, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.  By separate statute, "[a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  *See* 28 U.S.C. § 455(a) and (b)(1).  This court considers Mr. Adetomiwa's Motion to Recuse under both statutes.

To start, the court notes that adverse rulings alone are insufficient to warrant disqualification.  *United States v. Deberry*, 451 Fed. App'x. 749, 756 (10th Cir. 2011). Accordingly, Plaintiff's disagreements with the court's Recommendation and Order do not provide a basis for recusal.  Moreover, Plaintiff's concerns regarding any bias in favor of Mr.

2

Osgood are not supported by fact. This court specifically permitted Plaintiff leave to re-file his motion for appointment of counsel to the extent that Judge Brimmer determines that jurisdiction is appropriate in the federal court, rather than in arbitration. [#33 at 15]. In addition, the undersigned has never met or spoken to Mr. Osgood outside the context of a court proceeding.

In reviewing Plaintiff's Motion to Recuse, the court is unable to discern any non-conclusory allegation that might call the impartiality of the undersigned in this matter into question. It is well-settled that a judge has a strong obligation not to recuse herself when there is no legitimate reason to recuse. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion to Recuse [#36] is **DENIED**.

DATED:  November 6, 2015                              BY THE COURT:

                                                     s/ Nina Y. Wang
                                                     Nina Y. Wang
                                                     United States Magistrate Judge