# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01413-PAB-NYW

STEVEN ADETOMIWA,

    Plaintiff,

v.

REDSTONE COLLEGE, a/k/a ALTA COLLEGES INC, a/k/a ALTA GROUPS INC.,

    Defendant.

_____

## ORDER
_____

Magistrate Judge Nina Y. Wang

    This civil action comes before the court on Plaintiff Steven Adetomiwa's Motion to Vacate the Order dated November 6, 2015 ("Motion to Vacate"). Pursuant to the Order Referring Case dated August 26, 2015 [#19] and the Memorandum dated December 14, 2015, the Motion to Vacate is before this Magistrate Judge. Having considered the Motion to Vacate, this court concludes that it is more appropriately construed as a Motion for Reconsideration. This court has reviewed the November 6 Order, the case file, and applicable case law, and respectfully DENIES the Motion to Vacate.

## BACKGROUND

    The history of this action has been recounted in other court filings, and accordingly, will not be repeated here. [*See* #33, #39]. On November 6, 2015, the court declined to recuse herself from service in this matter. [#39]. In his Motion to Vacate, Mr. Adetomiwa asks this court to reconsider.

## ANALYSIS

The Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration. Because the United States seeks reconsideration of a non-final order, its motion falls within the plenary power of the court to revisit and amend interlocutory orders when justice so requires. *Zeller v. Ventures Trust 2013-I-NH*, No. 15-cv-01077-PAB-NYW, 2015 WL 4743191, at *1 (D. Colo. Aug. 11, 2015); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Courts in this district have applied different standards on motions for reconsideration of non-final orders. *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06–cv–00037-PAB-CBS, 2010 WL 420046, at *3 (D. Colo. Feb. 1, 2010) (listing cases applying Rule 59(e) standard, Rule 60(b) standard, and "law of the case" standard). Nonetheless, the prevailing approach demonstrates that courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *See James v. Dunbar*, No. 09–cv–02479-PAB, 2010 WL 3834335, at *1 (D. Colo. Sep. 27, 2010).

Mr. Adetomiwa points to no legal authority that has emerged or basis for this court to determine that her November 6 Order was clearly in error. Neither has Plaintiff asked the court to consider new evidence not available to it prior to that Order (or the Recommendation that was issued on October 20, 2015). Plaintiff's disagreement with this court's resolution of his motion to recuse does not entitle him to reconsideration. *Sayed v. Broman*, No. 13-CV-02961-CMA-MJW, 2015 WL 2345638, at *1 (D. Colo. May 14, 2015). Furthermore, to the extent that Plaintiff

disagrees with this court's Recommendation, he has filed an Objection that is the appropriate vehicle for the Honorable Philip A. Brimmer to consider his arguments.

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion to Vacate [#40] is **DENIED**.

DATED:  December 18, 2015                           BY THE COURT:

                                                    s/ Nina Y. Wang
                                                    Nina Y. Wang
                                                    United States Magistrate Judge