IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-01413-PAB-NYW

STEVEN ADETOMIWA,

    Plaintiff,

v.

REDSTONE COLLEGE, a/k/a Alta Colleges Inc, a/k/a Alta Groups Inc.,

    Defendant.

**ORDER**

    This matter is before the Court on the recommendation of United States Magistrate Judge Nina Y. Wang, filed on October 20, 2015 [Docket No. 33] ("the Recommendation").  The Recommendation concludes that defendant's motion to compel arbitration [Docket No. 5] should be granted and plaintiff's motions to appoint counsel [Docket Nos. 9, 22] be denied.  On November 5, 2015, plaintiff, who is representing himself in this matter, filed an objection [Docket No. 37].  In light of plaintiff's pro se status, the Court construes plaintiff's filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

    As a threshold matter, the Court must first determine whether a motion to compel arbitration is a dispositive motion.  *See* Fed. R. Civ. P. 72.  The two courts of appeal that have considered this issue have both held that motions to compel arbitration are not dispositive.  *See PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10 (1st Cir. 2010)

(holding that a motion to compel arbitration is non-dispositive because a district court retains jurisdiction to review the arbitration award); *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 133 (3d Cir. 2014) (unpublished) ("A ruling on a motion to compel arbitration does not dispose of the case, or any claim or defense found therein. Instead, orders granting this type of motion merely suspend the litigation while orders denying it continue the underlying litigation."). Fed. R. Civ. P. 72(a) directs this Court to review a magistrate judge's order on nondispositive matters using a "clearly erroneous or contrary to law" standard of review.

Plaintiff does not make specific substantive objections to the magistrate judge's recommendation that the motion to compel be granted and the motions to appoint counsel be denied. Rather, in focusing primarily on the issue of appointing counsel, plaintiff objects to the magistrate judge's recommendation as biased and prejudiced. Docket No. 37 at 1. "The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980). To demonstrate a violation of due process because of judicial bias, a claimant must show either actual bias or an appearance of bias. *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997)). "The standard is purely objective," and "[t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

As support for his bias argument, plaintiff recounts a phone conversation with defense counsel:

> That Mr. John Osgood confirmed to that "for the smoothness of the case, Judge NYW is a great Judge and was just recently appointed." Further expression of Mr. John Osgood "I wouldn't have any things against her and will like her administration of the case" which shown the likeness producing bias and subject matter of interest for Judge NYW.

Docket No. 37 at 2. Plaintiff suggests that this conversation arose in the context of plaintiff and defense counsel discussing whether they should consent to the magistrate judge presiding over the case for all purposes. Docket No. 37 at 3 ("the subject of discussion began with interest in filling [sic] for the determination of presiding judge"); see D.C.COLO.LCivR 72.2.[1] Nothing about this conversation was inappropriate and nothing leads to an inference that Magistrate Judge Wang is biased in favor of defendant and against plaintiff. Plaintiff fails to point to any portion of the Recommendation that evidences bias against him other than the fact that, should the Court accept the Recommendation, it would favor defendant and not plaintiff. However, an adverse judicial ruling on the merits "almost never constitute[s] a valid basis for a" claim of bias, and the Court sees no reason to believe the magistrate judge's actions in this case were anything other than proper. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff's objection also states:

> The main objection to the ruling and conclusion of Judge was the bias judgment on the refusal of the appointment of court appointed attorney without consideration to my vision disability, and financial incapacity to accommodate the engagement of attorney.

Docket No. 37 at 2. The Court rejects this argument. Plaintiff provides no evidence

---

[1] Plaintiff did not consent to the magistrate judge presiding over the case. Docket No. 15.

that the magistrate judge's Recommendation is in any way based on bias or otherwise failed to take into account a relevant legal argument that plaintiff made.

As noted earlier, plaintiff fails to make any specific objection to the recommendation that the Court grant defendant's motion to compel arbitration and makes no specific objection to the recommendation that the Court deny the motions to appoint counsel. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and *specific* to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added). To be sufficiently specific, an objection must "enable [] the district judge to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *See id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)); *see also Lockert v. Faulkner*, 843 F. 2d 1015, 1019 (7th Cir. 1988) ("an objection stating only 'I object' preserves no issue for review."). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("[i]t does not appear that Congress intended to require district court review of a magistrate[ judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Although not required to do so, the Court has reviewed these recommendations *de novo* and finds no error with them.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of the United States Magistrate Judge

[Docket No. 33] is **ACCEPTED**.  It is further

    **ORDERED** that defendant's Combined Motion to Compel Individual Arbitration and Memorandum of Points and Authorities in Support Thereof [Docket No. 5] is **GRANTED**.  It is further

    **ORDERED** that the case is administratively closed pursuant to D.C.COLO.LCivR 41.2, pending completion of arbitration pursuant to the parties' Arbitration Agreement. It is further

    **ORDERED** that the parties shall notify the Court no later than twenty days after any final order on arbitration and, if such notification has not already been provided, the parties shall file a status report by June 30, 2016.

    DATED December 31, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge